UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART AURICH,

        Petitioner,                               Case No. 09-cv-10717
                                                    HON. BERNARD A. FRIEDMAN

v.

LLOYD RAPELJE,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

This matter is before the Court on petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Oscoda Circuit Court to one count of armed robbery. Mich. Comp. Laws § 750.529. The state circuit court sentenced him to a term of 14-to-30 years in prison. The petition raises six claims: (1) petitioner's guilty plea was involuntary; (2) the circuit court erred in sentencing petitioner; (3) petitioner was denied the effective assistance of counsel prior to his plea; (4) petitioner involuntarily waived his right to challenge his extradition from Florida; (5) the arrest warrant used to extradite petitioner was fraudulent; and (6) petitioner has demonstrated cause for not raising his third, fourth, and fifth claims during his direct appeal in the state courts. The Court will deny the petition because none of these claims are meritorious. The Court also declines to issue a certificate of appelability and will deny leave to proceed on appeal in forma pauperis.

## I.    Background

Petitioner was originally charged as a second time felony offender with two counts of armed robbery and commission of a felony with a firearm after his participation in the armed

robbery of a grocery store.  Rather than stand trial, petitioner agreed to a plea bargain.

At the plea hearing, the prosecutor put the terms of the agreement on the record. Petitioner would plead guilty to one count of armed robbery and, in exchange, the prosecutor agreed to dismiss the second armed robbery count as well as the habitual offender and firearm charges.  Petitioner and defense counsel acknowledged the terms of the agreement.

The circuit court then placed petitioner under oath. He denied that there were any other terms of the agreement.  The circuit court informed petitioner that he faced up to life in prison, and petitioner acknowledged his understanding of the terms of the plea. Petitioner denied that anyone had promised him anything or coerced him in anyway to obtain his guilty plea.  The circuit court also informed petitioner of the trial rights he was waiving by entering his plea, whereupon petitioner indicated his assent to the plea agreement.

Petitioner then gave a detailed factual basis for the crime.  He described how he and his accomplice went into a grocery store to rob it.  His accomplice was armed with a handgun, and he pointed it at the two people present in the store.  Petitioner then used duct tape to tie the hands of the victims. The two men then stole money and lottery tickets and left the store.  The circuit court accepted the plea.

After the hearing, defense counsel requested that petitioner be freed on bond so that he could receive surgery on his shoulder.  The circuit court denied the motion because petitioner had fled to Florida after photographs of him committing the robbery were publicized.

At the sentencing hearing, petitioner never expressed his desire to withdraw from the plea. He informed the circuit court that he had cooperated with the sheriff's department with the hope of receiving a lighter sentence.  The state circuit court adjourned the sentencing hearing to

obtain information from the sheriff's department, but it was later revealed that no promises of

leniency were made.  After resolving any objections to the sentencing guideline scoring, the

circuit court sentenced petitioner to 14-to-30 years incarceration.

Following his guilty plea and sentence, petitioner requested and was appointed appellate

counsel who filed a motion for withdrawal of the plea and resentencing.  The circuit court held a

hearing on the motion and denied the requested relief.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals

raising the following claims:

> I. Petitioner should be allowed to withdraw his involuntary guilty plea where: 1)
> he could not have been guilty of felony firearm in the first instance where he did
> not possess the gun; 2) trial counsel calculated his guidelines range incorrectly
> and petitioner relied on the misrepresentation when he pled; 3) he received
> ineffective assistance of counsel; and where 4) promises of leniency, surgery and
> medications were made to him by the police for his cooperation and plea which
> he also relied upon and never materialized.

> II. Petitioner should be resentenced where: 1) he was incorrectly scored for a
> charge which was deferred or dismissed pursuant to MCL 769.51 and MCL
> 750.81; 2) the trial court sentenced him based on an incorrect guidelines range
> and incorrect information; 3) he was promised leniency by the police if he
> cooperated and he relied on that promise; 4) his co-defendant possessed the
> firearm and provided the firearm and received a lower sentence; and where 5)
> mitigating circumstances exist to sentence petitioner to the lower end of his
> guidelines range.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of

merit in the grounds presented." *People v. Aurich*, No. 277964 (Mich. Ct. App. Aug 8, 2007).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court,

raising the same claims.  The Michigan Supreme Court denied the application by form order.

*People v. Aurich*, 480 Mich. 959 (2007) (table).

Petitioner then filed the instant habeas petition, raising identical grounds for relief.

Thereafter, petitioner filed a motion to stay the proceedings in this Court and return to the state

courts to raise additional claims.  The Court granted the motion, and the case was held in

abeyance while Petitioner pursued post-conviction review in the state courts.

Petitioner returned to the circuit court and filed a motion for relief from judgment, raising

the following claims:

> I. Petitioner was denied the effective assistance of counsel where trial counsel: (1) failed to request a *Franks* hearing to challenge the validity of warrant's affidavit; and (2) failed to request a psychiatric evaluation on defendant to see if he was competent to stand trial.

> II. Petitioner's due process rights were violated when he was forced to waive his right to an extradition hearing to receive medical treatment without counsel present due to severe mental and physical duress petitioner's waiver was involuntary. Petitioner was unaware of the rights he was forfeiting by waiver of extradition hearing.

> III. Petitioner's due process rights were violated when a fraudulent arrest warrant used to gain an extradition order was obtained under false pretense; arrest warrant contained perjuries by Sgt. J. Allie of the Oscoda County Sheriff's Department.

> IV. Petitioner has established an entitlement to relief from judgment of his conviction and sentence by demonstrating good cause for failure to raise his present claim on direct appeal or in a prior motion and actual prejudice from the alleged irregularities in this criminal process.

The circuit court denied the motion for relief from judgment, stating that petitioner failed

"to establish any of the three basic provisions" of Michigan Court Rule 6.508(D)(3). *People v.*

*Aurich*, Oscoda County No. 06-945-FH (September 24, 2009).  Petitioner then filed an

application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure

to establish entitlement to relief under MICH. CT. R. 6.508(D)." *People v. Aurich*, No. 300374

(Mich. Ct. App. January 5, 2011).  Petitioner applied for leave to appeal this decision in the

Michigan Supreme Court, where his application was also denied under Rule 6.508(D). *People v. Aurich*, 489 Mich. 991 (2011) (table).

Petitioner then reopened the instant proceeding raising the same issues that he argued before the state courts on direct and post-conviction review.

## II.      Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).   An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*.  Therefore, in order to obtain habeas relief a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

III.    **Discussion**

A.    Claims Challenging Petitioner's Guilty Plea

Most of petitioner's claims seek to invalidate his guilty plea.  He claims that his plea is involuntary because: (1) he was improperly charged with felony-firearm; (2) his trial counsel promised him a lower sentence than he received; (3) police promised him leniency in exchange for his cooperation; (4) he was illegally arrested and his counsel failed to challenge it; (5) his counsel failed to challenge his competency to stand trial or plead guilty; and (6) petitioner was illegally extradited from Florida.  None of these claims merit relief.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  Due to the impact of such a plea on a defendant's constitutional rights, a federal court on habeas corpus review may only overturn a conviction based upon a guilty plea if it is found that the plea violated a petitioner's constitutional right to due process. *Brady v. United States*, 397 U.S. 742, 747 (1970).

A plea of guilty or no contest is invalid unless it is entered by a defendant knowingly, intelligently, voluntarily, and without coercion. *Bousley v. United States*, 523 U.S. 614, 618 (1998); *Brady*, 397 U.S. at 747; *Boykin*, 395 U.S. at 242; *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004).  In order to withstand a post-conviction challenge to the voluntariness of the plea, the record must clearly evidence the willingness of the petitioner to enter into the plea. *Boykin*, 395 U.S. at 242.

In a federal habeas corpus proceeding in which a petitioner challenges the validity of a guilty plea, it is the duty of the respondent to demonstrate that the guilty plea was entered

knowingly, intelligently and voluntarily.  This is accomplished with the submission of a

presumptively correct plea proceeding transcript. *Stumpf*, 367 F.3d at 600 (*citing Garcia v.*

*Johnson*, 991 F.2d 324, 326 (6th Cir. 1993)).  The totality of the circumstances surrounding the

entry of a plea must show that the plea was not coerced by threats or misrepresentations and that

the defendant was informed of all the direct consequences of the plea, *Brady*, 397 U.S. at 755;

*Stumpf*, 367 F.3d at 609, including potential maximum sentences, *King v. Dutton*, 17 F.3d 151,

154 (6th Cir. 1994), as well as mandatory minimum sentences, *United States v. Stubbs*, 279 F.3d

402, 412 (6th Cir. 2002).  A ruling by a state court upholding the validity of the guilty plea is

presumed correct, unless there is a showing that the plea proceeding transcript insufficiently

demonstrated that the plea was entered knowingly, intelligently and voluntarily. *Stumpf*, 367

F.3d at 600 (*citing Garcia*, supra at 326-27).

Upon reviewing the record, the Court finds that many of petitioner's arguments are

foreclosed by the proper plea colloquy conducted by the state circuit court.  Petitioner first

claims that because he was not personally armed with a firearm during the robbery, the felony-

firearm charge was improper and, therefore, dismissal of the invalid firearm charge rendered the

plea agreement illusory.  This contention, however, is belied by the fact that the prosecutor

dismissed several other offenses that were unrelated to the possession of a firearm.  Thus, the

plea was not illusory because petitioner received a real, tangible benefit by the dismissal of these

other charges in exchange for his plea of guilty. *See McAdoo v. Elo*, 365 F.3d 487 (6th Cir.

Mich. 2004).

Petitioner next asserts that defense counsel informed him that he would receive a lower

sentence than what was actually imposed.  He also maintains that he was promised leniency by

the police.  Nonetheless, these allegations are contradicted by the plea colloquy in which

petitioner denied that he was promised anything other than what was placed on the record.  Mere

post hoc claims of a petitioner that a plea agreement was different than what appeared on the

record cannot, standing alone, overcome the presumption that the guilty plea was valid.

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).  Consequently, these claims are also

without merit.

     Since the remainder of petitioner's contentions involve events that occurred prior to the

plea, they are waived. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also U.S. v. Martin*,

526 F. 3d 926, 932 (6th Cir. 2008).  Pre-plea claims of ineffective assistance of trial counsel are

also waived by a guilty plea. *See United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001);

*see also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002) (habeas petitioner's

claims regarding alleged deprivations of his constitutional rights that occurred before his guilty

plea and resulting from his trial counsel's alleged ineffective assistance, were foreclosed by his

guilty plea).

     In the present case, petitioner did not indicate any disagreement with defense counsel's

performance prior to the plea.  He never claimed any error in the extradition proceeding, or that

his arrest was illegal, and the record is devoid of any indication that counsel was incompetent.

Petitioner's participation during the plea colloquy, especially his detailed and responsive

answers regarding the factual basis for the crime, undermine any claim that his counsel should

have raised an issue regarding his competency prior to the plea.  Moreover, the propriety of

petitioner's arrest and extradition, coupled with defense counsel's failure to mount a challenge

thereto, relate to pre-plea matters that were waived when petitioner decided to avail himself of

the plea bargain.

B.     Claims Challenging Petitioner's Sentence

In seeking to overturn his sentence, petitioner argues that: (1) the circuit court incorrectly

scored the sentencing guidelines regarding the use of a firearm; (2) he was promised leniency by

the police; (3) his accomplice received a lesser sentence although he was more culpable; and (4)

there were mitigating circumstances that the state circuit court failed to consider.

A habeas petitioner's claim that the trial court violated state law when sentencing him is

not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th

Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Federal habeas courts have no

authority to interfere with perceived errors in state law unless the petitioner is denied

fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68,(1991);

*Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Petitioner's

claim that the circuit court improperly scored the guidelines range pertains to issues of state law

that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D.

Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents

an issue of state law only and is not cognizable in federal habeas review); *Welch v. Burke*, 49 F.

Supp. 2d 992, 1009 (E.D. Mich. 1999); *see also Branan*, 861 F.2d at 1508 (holding that

misapplication of state sentencing guidelines not cognizable on habeas review).

Furthermore, petitioner's claim that he was promised leniency is unsupported by the

record.  At the sentencing hearing, petitioner asserted that a sheriff's deputy promised to "put in

a good word" for him.  The circuit court asked petitioner to explain, and he responded that he

had attempted to provide the police with information that might be useful in ongoing

investigations. The circuit court adjourned the sentencing hearing, and the deputy was

contacted. As it turned out, none of the information provided by petitioner was useful, and in any

event, no promises were made to petitioner. Petitioner's subjective expectation that he would

receive some benefit for providing unsolicited and useless information to the authorities did not

require the circuit court to reduce his sentence.

With respect to petitioner's third argument challenging his sentence, the fact that his co-

defendant may have been more culpable than petitioner does not entitle him to a lesser sentence.

Wide discretion is accorded a state trial court's sentencing decision and claims arising out of

those decisions are not generally cognizable upon federal habeas review unless the petitioner can

show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See*

*Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such

showing.

Moreover, there is no federal constitutional requirement that co-defendants receive the

same sentence. When exercising habeas review, federal courts are solely authorized to

determine whether sentences are so disproportionate that they constitute cruel and unusual

punishment under the Eighth Amendment. Disproportionality is examined in relation to the

underlying offense and is not gauged by the sentences received by co-defendants. *See United*

*States v. Easter*, 981 F.2d 1549, 1555-56 (10th Cir. 1992). "[C]onstitutional sentencing law does

not address the difference between the sentences of two persons convicted of the same particular

crime, but rather the proportion between the sentence and the type of crime committed." *See*

*Beachem v. Williams*, 351 F. Supp. 2d 793, 820 (N.D. Ill. 2004) (noting that the court could find

no Supreme Court authority which gave special constitutional scrutiny to the disparate sentences

of two participants in a single crime); *United States v. McArthur*, No. 10-cv-14726, 2011 U.S.

Dist. LEXIS 57598, 2011 WL 2144436, at *1 (E.D. Mich. May 31, 2011) (finding that a claim

that a co-defendant received a lesser sentence was not cognizable on a § 2255 motion).

Ultimately, the fact that the circuit court sentenced petitioner to a greater sentence than his

co-defendant is not contrary to, or an unreasonable application of, clearly established federal

law.

Finally, petitioner asserts that the circuit court failed to consider mitigating circumstances

when it imposed the sentence.  This argument fails to state a claim upon which habeas relief can

be granted, because the United States Supreme Court has limited its holding concerning

mitigating evidence to capital cases. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir.

2001) (Eighth Amendment does not require consideration of mitigating factors at sentencing in

non-capital cases).  Because petitioner had no constitutional right to an individualized sentence,

no constitutional error resulted from the state circuit court's failure to consider mitigating

evidence on his behalf. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

## III.    Certificate of Appealability

Should the petitioner choose to appeal this Court's decision, a certificate of appealability

must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial

showing threshold is met if petitioner demonstrates that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529

U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may

not conduct a full merits review, but must limit its examination to a threshold inquiry into the

underlying merit of petitioner's claims. *Id.* at 336-37.

    As petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability is not warranted in this case. Additionally, the petitioner should not

be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See*

Fed. R. App. P. 24(a). Accordingly,


    IT IS ORDERED that the petition for a write of habeas corpus is denied;


    IT IS FURTHER ORDERED that a certificate of appealability is denied;


    IT IS FURTHER ORDERED that permission to proceed in forma pauperis is denied.



                            _S/ Bernard A. Friedman_____
                            BERNARD A. FRIEDMAN
                            SENIOR UNITED STATES DISTRICT JUDGE

Dated:___December 26, 2013__
        Detroit, Michigan